Sergio REYES–ALVAREZ, aka Sergio
Alvarez, AKA Sergio Reyes
Alvarez, Petitioner,

v.

Eric H. HOLDER, JR., Attorney
General, Respondent.

No. 13–73487.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2014.

Filed March 18, 2015.

James Fallows Tierney, Mayer Brown
LLP, Washington, DC, for Petitioner.

Sergio Reyes–Alvarez, Eloy, AZ, pro se.

Jesse David Lorenz, Esquire, Trial, U.S.
Department of Justice, Washington, DC,
for Respondent.

Before: KOZINSKI, RAWLINSON,
and MURGUIA, Circuit Judges.

MEMORANDUM *

Petitioner Sergio Reyes–Alvarez
(Reyes–Alvarez) petitions for review of a
decision of the Board of Immigration Ap-
peals (BIA) dismissing his appeal. Reyes–
Alvarez contends that the BIA erred in
concluding that his California conviction
for lewd and lascivious acts upon a child
aged 14 or 15 is categorically a conviction
for a "crime of child abuse."

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

Giving *Chevron* deference to the BIA's
definition of the federal generic offense of
a crime of child abuse, Reyes–Alvarez's
California conviction is a categorical
match. *See Ceron v. Holder,* 747 F.3d 773,
778 (9th Cir.2014) (en banc) (explaining
that we defer to the BIA's definition of a
federal generic offense under "the *Chevron*
framework if the decision is published or
directly controlled by a published deci-
sion").

The *mens rea* requirement of California
Penal Code § 288(c)(1) fits within the fed-
eral generic definition because section
288(c)(1) punishes only "willful[ ]" acts,
while the federal generic crime encompass-
es anything from "criminally negligent" to
"intentional" acts. *Matter of Velazquez–
Herrera,* 24 I. & N. Dec. 503, 512 (BIA
2008) (defining "crime of child abuse
broadly" as "any offense involving an in-
tentional, knowing, reckless, or criminally
negligent act or omission that constitutes
maltreatment of a [person under 18 years
old] or that impairs [such a person's] phys-
ical or mental well-being, including sexual
abuse or exploitation"). Section 288(c)(1)
also meets the *actus reus* requirement in
the federal definition because a "lewd and
lascivious act" upon a child necessarily in-
volves "maltreatment" of the child. *Id.;
see also People v. Shockley,* 58 Cal.4th 400,
165 Cal.Rptr.3d 497, 314 P.3d 798, 800
(2013) (noting that § 288 "assumes that
young victims suffer profound harm when-
ever they are perceived and used as ob-
jects of sexual desire").

As Reyes–Alvarez has not sought a stay
of removal from the BIA and has not
shown that a stay of removal is warranted
pending a collateral challenge to his state
court conviction, the request for a stay is

by 9th Cir. R. 36–3.

denied. *See Leiva–Perez v. Holder,* 640 F.3d 962, 971 (9th Cir.2011).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.